```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

VON METRIZ LEWIS                                    CIVIL ACTION

v.                                                  NO. 18-5013

21ST CENTURY
INSURANCE COMPANY                                   SECTION "F"


                        ORDER AND REASONS

Before the Court is the defendant's motion to reconsider this Court's February 6, 2019 Order and Reasons, in which the Court denied the defendant's motion for partial summary judgment that California law governs the plaintiff's uninsured motorist claim. For the reasons that follow, the motion is GRANTED.

                           **Background**

This lawsuit arises from a hit-and-run motor vehicle accident and the victim's efforts to recover from her insurance carrier.

Von Metriz Lewis is a retired nurse who spends part of her time at her residence in Louisiana and the other part at her home in California where her daughter continues to reside. On November 9, 2017, Lewis was driving her 2015 Jeep Wrangler in New Orleans when a sedan violently struck her vehicle, causing it to flip onto the driver's side. Upon impact, the driver of the sedan fled the scene. Immediately thereafter, Lewis was transported to the emergency room by ambulance where she was treated for head, neck, and back pain and admitted for overnight observation.

1

Following the accident, Lewis submitted a claim to 21st Century Insurance Company for uninsured motorist ("UM") benefits under her personal automobile policy. In hopes of resolving the matter, Lewis presented 21st Century with an Offer of Settlement and Satisfactory Proof of Loss. 21st Century responded with a counteroffer, which Ms. Lewis chose not to accept; she claimed that her medical expenses exceed the value of the counteroffer. Believing the hit-and-run driver to be at fault, and believing that 21st Century had acted in bad faith in handling her claim, Lewis filed suit in Louisiana state court on April 3, 2018 to recover damages resulting from the accident, as well as statutory penalties and attorney's fees. 21st Century timely removed the action to this Court, invoking the Court's diversity jurisdiction.

Several months later, Lewis presented 21st Century with a second Offer of Settlement and Satisfactory Proof of Loss, in which she alleged that the value of her damages exceeds the policy limits of $100,000. 21st Century, through counsel, rejected that offer, stating:

> [G]iven that this is a California policy, California law will apply. And under these circumstances, a tender is not required and further investigation is necessary. Once additional discovery is completed, 21st Century Insurance Company will reevaluate their position regarding your client's claims.

On January 3, 2019, 21st Century moved for partial summary judgment, requesting a determination that California law applies

2

to the plaintiff's UM claim, and that the plaintiff's claims for statutory penalties and attorney's fees under La. R.S. §§ 22:1892 and/or 22:1973 must be dismissed with prejudice. On February 6, 2019, the Court denied 21st Century's motion for partial summary judgment. See Order and Reasons dtd. 2/6/19 (determining "that, under the facts of this case as they currently exist, 21st Century has not sustained its burden of establishing that California's policies would be most seriously impaired if its law were not applied"). The defendant now moves the Court to reconsider its February 6 Order and Reasons, provide clarification relative to its ruling, and reverse its decision; alternatively, the defendant requests that the Court issue a ruling that defendant's reliance on California law was reasonable and that the plaintiff's bad faith penalty claims should not be presented to the jury.[1]

I.

Rule 54(b) of the Federal Rules of Civil Procedure governs the defendant's motion for reconsideration; it states:

> **(b) Judgement on Multiple Claims or Involving Multiple Parties.** When an action presents more than one

---

[1] The defendant also requests oral argument on its motion for reconsideration. It is the Court's policy to grant oral argument on motions if one of the following factors is present: (1) there is a need for an evidentiary hearing; (2) the motion or opposition papers involve a novel or complex issue of law that is unsettled; (3) the motion or opposition papers argue for a change in existing law; (4) the motion or opposition papers implicate a constitutional issue; or (5) the case itself is of widespread community interest. Because the motion for reconsideration involves none of the above factors, the request for oral argument is DENIED.

claim for relief whether as a claim, counterclaim, crossclaim, or third-party claim or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*A.*

21st Century asks the Court to reconsider its ruling that California law does not apply to the plaintiff's uninsured motorist claim; the defendant contends that the facts upon which the Court based its ruling – the plaintiff's dual residency and potential inability to recover under her policy should the issuing state's law be applied – have never been used by a Louisiana state or federal court applying Louisiana law as a primary reason to abrogate another state's insuring agreement. The plaintiff urges the Court to deny the defendant's request for reconsideration pursuant to Rule 59(e) on the ground that 21st Century fails to identify any new evidence or change in the law warranting reconsideration. Applying the more relaxed Rule 54(b) standard to the defendant's request for reconsideration, the Court finds that reconsideration of its February 6 ruling is appropriate.

A motion seeking reconsideration or revision of a district court ruling is analyzed under Rule 59(e), if it seeks to alter or

4

amend a final judgment, or Rule 54(b), if it seeks to revise an interlocutory order. See Cabral v. Brennan, 853 F.3d 763, 766 (5th Cir. 2017) (determining that the district court's erroneous application of the "more exacting" Rule 59(e) standard to an order granting partial summary judgment was harmless error because the appellant was not harmed by the procedural error).

Rule 54(b) authorizes a district court to "revise[] at any time" "any order or other decision . . . that does not end the action." Fed. R. Civ. P. 54(b); Austin v. Kroger Tex., L.P., 864 F.3d 326, 336 (5th Cir. 2017). Under this rule, the Court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Austin, 864 F.3d at 336 (5th Cir. 2017) (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*)). Compared to Rule 59(e),[2] "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves [is] more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from

---

[2] Rule 59(e) "'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence,' and it is 'an extraordinary remedy that should be used sparingly.'" Austin, 864 F.3d at 336 (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

5

interlocutory judgments as justice requires.'" Id. at 337 (quoting Cobell v. Jewell, 802 F.3d 12, 25-26 (D.C. Cir. 2015) (internal citations omitted) (quoting Greene v. Union Mutual Life Ins. Co. of Am., 764 F.2d 19, 22 (1st Cir. 1985) (Breyer, J.)).

*B.*

The "less exacting" Rule 54(b) governs 21st Century's request for reconsideration because the Court's February 6 Order and Reasons constitutes an interlocutory order, rather than a final judgment. 21st Century persuades the Court that California's policies would be most seriously impaired if its law were not applied, while the plaintiff offers no colorable argument in opposition.

21st Century argues that the Court's decision was largely based upon a concern for two issues not raised by the parties: (1) that the plaintiff has not received any payment under her policy, and (2) that she may be precluded from receiving payment if the arbitration provisions of such policy were applied as written. Because Ms. Lewis had received no payment from the defendant - her UM carrier - or the unidentified hit-and-run driver, and because the application of California law could foreclose the plaintiff's ability to recover under her policy, the Court determined that Louisiana's interest in promoting full recovery for innocent tort victims would be most seriously impaired if its law were not applied.

6

However, after reviewing the parties' latest more adequately briefed submissions, the Court recognizes that it arguably placed undue emphasis upon the plaintiff's ability to recover. Although applying California law could preclude a Louisiana resident from recovering damages to which she may be entitled, applying Louisiana law would unquestionably abrogate a California contract by exposing the insurance carrier to bad faith statutory penalties for which it may not have foreseen or negotiated. Further tipping the scale slightly in favor of California is the fact that the plaintiff's premium for UM coverage was based upon the application of California law to the contract.[3] <u>See</u> <u>Champagne</u>, 893 So. 2d at 789 (applying Mississippi UM law, rather than Louisiana UM law, in part, because the "plaintiff's premium for UM coverage was based on the application of Mississippi law to the contract"). Moreover, because Ms. Lewis testified under oath that she never disclosed to 21st Century that she had moved to Louisiana, the insurance carrier did not reasonably expect to be subject to Louisiana UM law.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the defendant's motion for reconsideration is GRANTED, and the

---

[3] In support of its motion for partial summary judgment, 21st Century submitted the affidavit of Amy Dartez, a Special Claims Representative, in which she attests:
> The policy issued to Von O Metriz R Lewis was issued as a California personal auto policy. The policy premiums charged to Von O Metriz R Lewis reflect that the policy was to cover vehicles garaged in View Park, California 90043.

7

Court reverses its prior ruling.  IT IS FURTHER ORDERED: that defendant's motion for partial summary judgment that California law governs the plaintiff's uninsured motorist claim, such that the plaintiff's claims for statutory penalties and attorney's fees under La. R.S. §§ 22:1892 and/or 1973 must be dismissed with prejudice, is hereby GRANTED.

New Orleans, Louisiana, February 25, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE