UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| VON METRIZ LEWIS | * | CIVIL ACTION NO. 18-5013 |
|---|---|---|
| | * | |
| | * | SECTION: "F"(1) |
| VERSUS | * | |
| | * | JUDGE MARTIN L. C. FELDMAN |
| 21ST CENTURY INSURANCE | * | |
| COMPANY | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the court are the Motion to Quash Subpoenas (Rec. Doc. 34) and the Motion to Quash Additional Subpoenas (Rec. Doc. 45) filed by plaintiff Von Metriz Lewis. Since the filing of the motions, arguments concerning belated service of the subpoenas have been rendered moot because the District Judge has extended the time to complete discovery. (Rec. Doc. 62). According to defendant 21st Century Insurance Company, plaintiff now agrees that the motions to quash are moot insofar as the subpoenas to plaintiffs' medical providers are concerned, but plaintiff continues to object to the subpoenas for plaintiff's employment records.

This is a personal injury case that arises out of an alleged hit-and-run accident on November 9, 2017. Plaintiff filed this lawsuit against her UM insurer alleging physical injuries; mental anguish; lost enjoyment of life; medical expenses; loss of past, present, and future income; loss of earning capacity; and property damage. In her motion to quash, plaintiff explains that at the time of the accident, she was a retired nurse, having last worked five years previously. She represents that she "is not making a claim for lost wages in the instant litigation and will stipulate to such at

1

trial." (Rec. Doc. 34-1, at 3).[1] She insists that her wage and employment information have no bearing on the issues in this lawsuit and that the subpoenas to her former employers should be quashed.

Defendant argues that plaintiff's employment records are relevant because they may show that she was injured at one of her past jobs and whether she took sick leave for neck and back pain prior to the incident at issue here. Defendant submits that information about workplace injuries could be used to impeach the plaintiff. Defendant also argues that the employment records could shed light on plaintiff's claims for emotional distress. Defendant argues that employment records have been held discoverable in cases where the plaintiff alleges damages for physical injuries and emotional distress.

The court finds the cases cited by the defendant distinguishable. Although the court in Matherne v. Schramm compelled the plaintiffs to provide signed releases for employment records, the court was ruling on an unopposed motion to compel responses to discovery that plaintiff had failed to respond to. No. CIV.A. 12-807-JJB-RL, 2013 WL 5961096, at *3 (M.D. La. Nov. 7, 2013). The court required the plaintiffs to respond to the discovery without objections, essentially finding the plaintiffs had waived their right to do so. Id. In Rivera v. United States, the court similarly ordered plaintiffs to sign releases for employment records, but unlike here, lost wages were at issue. No. EP-15-CV-21-KC, 2015 WL 13649403, at *9 (W.D. Tex. Dec. 22, 2015). The court in Lutzeier v. Citigroup Inc. compelled production of employment records, but unlike here, in addition to emotional distress, the plaintiff in that lawsuit alleged that he had suffered lost wages and damage to his reputation as a result of an allegedly wrongful termination from employment. No. 4:14CV183 RLW, 2015 WL 1853820, at *3 (E.D. Mo. Apr. 22, 2015). The court in Baptiste

---

[1] The court notes that the petition does allege lost income. But defendant does not seem to object to plaintiff's simple representation that she will not seek lost wages and that she will stipulate to such at trial.

2

v. Centers, Inc. found employment records relevant to the plaintiff's claim for mental anguish and lost enjoyment of life, but unlike here, the plaintiff was asserting an employment discrimination claim and the past employment records were also found to be relevant to defendant's defense that plaintiff was terminated due to deficient performance and to plaintiff's credibility if she had previously made complaints of employment discrimination. No. 5:13-CV-71-OC-22PRL, 2013 WL 3196758, at *3 (M.D. Fla. June 21, 2013).

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Here, the sole bases for relevance advanced by the defendant are speculative at best. The sheer possibility that these employment records might reflect a past injury, an on the job accident, time missed for neck and back pain, or some information about plaintiff's mental or emotional condition before the accident without any reason to suggest that such information would be found there does not make those records relevant. Nor is there any suggestion that the information sought cannot be obtained elsewhere. To the contrary, much better evidence appears to exist—defendant issued subpoenas to eleven health care providers. No argument has been made by defendant as to why these medical files would not provide sufficient information regarding plaintiff's physical condition. And no argument has been made to justify any suspicion that plaintiff ever suffered an on the job injury, or that her retirement in 2012 was injury or accident related. Without any such support, obtaining personnel files from former employers in this context is but a fishing expedition. In light of plaintiff's representation that she is not seeking lost wages, a representation that defendant appears to have accepted, the court finds that plaintiff's employment records are not relevant and, therefore, not discoverable. Accordingly,

IT IS ORDERED that as to the subpoenas to plaintiff's former employers, the Motions to Quash are GRANTED; the subpoenas issued to Touro Infirmary, Dr. Babak Kosari, Outsource, and Caravan, are hereby quashed.

New Orleans, Louisiana, this 27th day of March, 2019.

                                                     Janis van Meerveld
                                            United States Magistrate Judge